**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 10-3071, 10-3072, 10-3164, 10-3165, 11-2089, 11-3916 & 12-1603

_____

LARRY W. RADER

Appellant in 10-3164

v.

ING GROEP NV; ING USA HOLDING CORPORATION;
ING DIRECT BANCORP; ING BANK FSB;
SHAREBUILDER SECURITIES CORPORATION;
RICHARD MONTGOMERY DONALDSON; PAUL SWEGLE,

ING Direct Bancorp;
ING Bank fsb;
ShareBuilder Securities Corporation,
Appellants in 10-3071

_____

LARRY W. RADER

Appellant in 10-3165

v.

SHAREBUILDER SECURITIES CORPORATION; WILLIAM A. KINSEL;
KINSEL LAW OFFICES PLLC; ING BANK FSB,

ShareBuilder Securities Corporation;
ING Bank fsb,
Appellants in 10-3072

_____

1

LARRY W. RADER,

                          Appellant in 11-2089

v.

SHAREBUILDER CORPORATION; ING BANK FSB;
SHAREBUILDER SECURITIES CORPORATION

_____

LARRY W. RADER,

                          Appellant in 11-3916 &
                          12-1603

v.

ING BANK FSB; SHAREBUILDER SECURITIES CORPORATION

_____

On Appeal from the United States District Court
for the District of Delaware
District Court Nos. 1-09-cv-00340; 1-09-cv-00544; 1-09-cv-00781; 1-10-cv-
00398; 2-11-cv-02576
District Judge: The Honorable Leonard P. Stark

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2012

Before:  SMITH and CHAGARES, *Circuit Judges*
and ROSENTHAL, *District Judge*[*]

(Filed: September 18, 2012)
_____

OPINION
_____

_____

[*] The Honorable Lee H. Rosenthal, United States District Judge for the United
States District Court for the Southern District of Texas, sitting by designation.

SMITH, *Circuit Judge.*

Larry W. Rader has filed four separate lawsuits against multiple entities arising out of a failed attempt to purchase stock using an account that he had created with ShareBuilder Securities Corporation ("ShareBuilder")[1]—an online broker-dealer located in the state of Washington. ShareBuilder filed a counterclaim seeking damages for a breach of contract. The District Court either dismissed or entered summary judgment against Rader on all of his claims, and awarded ShareBuilder $378,260.55 for fees and costs. Rader appeals from the disposition of his claims and from the judgment entered against him. For the following reasons, we will affirm the judgment of the District Court.[2]

I.

We write exclusively for the parties, who are familiar with the factual context and complicated legal history of this case. Therefore, we provide only an abbreviated summary of the facts essential to our disposition.

On January 2, 2009, Rader applied to open an investment account with ShareBuilder. In the process of opening his account, Rader acceded to the ShareBuilder Account Agreement (the "Agreement"). The Agreement specified

---

[1] We refer to all of the defendants collectively as "ShareBuilder."

[2] The District Court had diversity jurisdiction over Rader's four lawsuits pursuant to 28 U.S.C. § 1332(a)(1). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

that it would be governed by Washington law. Additionally, the Agreement provided that the investor (here, Rader) warranted that the information provided as part of the account application was accurate. The Agreement further provided that the investor "agree[s] to indemnify and hold ShareBuilder and its affiliates harmless from and against any and all damage, cost, judgment . . . of any nature, and claims therefore (collectively 'Losses') arising out of or relating to your failure to provide accurate information on your [account application] . . . ." App'x 171a. Finally, the Agreement stated that "ShareBuilder shall have no liability for and [the investor] agree[s] to reimburse, indemnify and hold ShareBuilder . . . harmless from all expenses . . . , Losses or damages that result from: . . . (e) your failure to provide accurate information on your [account application] . . . ." *Id.*

On January 5, 2009, Rader used ShareBuilder's online order form to purchase 280 shares of stock in Cisco Systems ("Cisco"). Rader indicated on the form that he would pay for the transaction using funds from his bank account, and provided ShareBuilder with what he claimed to be the account number and routing number for his savings account at U.S. Bank.

That same day, ShareBuilder purchased the requested shares in Cisco. As was its normal practice, ShareBuilder purchased the requested shares, and only later attempted to collect the funds required to pay for the transaction. In other words, ShareBuilder purchased the requested shares in Cisco using its own capital,

4

and only later sought reimbursement.

Unfortunately, when ShareBuilder attempted to access Rader's savings account, it discovered that Rader had not provided a correct account number. On January 8, 2009, ShareBuilder notified Rader that it could not access Rader's listed savings account, and therefore could not recover payment for Rader's order of Cisco shares. Additionally, between January 5, 2009 and January 8, 2009, Rader attempted four times to transfer money from his savings account to his ShareBuilder account. All of these transfer requests used the incorrect account number, and thus all of these transfer requests failed.

On January 12, 2009, Rader sold his Cisco shares, again using ShareBuilder's online system. Before disbursing the income from this transaction to Rader, ShareBuilder subtracted the amount that Rader owed. ShareBuilder ultimately disbursed a total of $19,589.35 to Rader's then-corrected U.S. Bank account.

The situation quickly disintegrated. There were a series of miscommunications between ShareBuilder and Rader in which Rader was apparently either inadequately apprised of, or misunderstood the situation and what he could do to rectify the problem. At one point, Rader apparently sent ShareBuilder a "Notice of Claim for $1,000,000." App'x 180a. Pursuant to the Agreement, ShareBuilder decided to unilaterally terminate Rader's account. On

5

January 23, 2009, ShareBuilder disbursed approximately $6,000—the amount remaining in Rader's ShareBuilder account—to Rader and closed Rader's account.

On May 12, 2009, Rader filed the first of his four federal lawsuits in the District of Delaware.[3] The cases were referred to a Magistrate Judge. On April 7, 2010, the Magistrate Judge issued a Report and Recommendation (the "R & R"), recommending, *inter alia*, that the District Court: (1) grant summary judgment against or dismiss all of Rader's claims; (2) deny various discovery motions filed by Rader; and (3) deny Rader's motion to disqualify ShareBuilder's counsel and the Magistrate Judge. On June 10, 2010, the District Court adopted the Magistrate Judge's R & R. Rader and ShareBuilder timely appealed from the June 10, 2010 Order.

Rader also moved for relief from the District Court's June 10, 2010 Order. On August 24, 2010, the District Court denied this motion. Rader timely appealed from this denial.[4] We dismissed these two appeals for lack of appellate jurisdiction, because ShareBuilder's counterclaim remained pending, and because the District Court had not expressly entered judgments as to Rader's various claims.

---

[3] The distinctions between the four lawsuits are not material to this appeal.

[4] After Rader appealed from the District Court's June 10, 2010 Order, the Magistrate Judge who issued the R & R was elevated to the District Court bench. The cases were referred to the newly-appointed District Judge.

On May 2, 2011, ShareBuilder moved for summary judgment in favor of its counterclaim. On May 27, 2011, Rader moved to disqualify and remove the District Judge presiding over his cases. On May 30, 2011, the District Court granted ShareBuilder's motion for summary judgment in favor of its counterclaim, in the amount of $366,041.87 for attorneys' fees and costs that accrued on or before May 2, 2011. In the same order, the District Court also denied Rader's motion to disqualify. Rader timely appealed from the May 30, 2011 Order.

On October 14, 2011, ShareBuilder moved for supplemental attorneys' fees and for fees and costs that accrued after May 2, 2011. On February 6, 2012, the District Court awarded ShareBuilder a supplemental award of $12,218.68. In sum, the District Court awarded ShareBuilder $378,260.55 in fees and costs. Rader amended his notice of appeal to include the February 6, 2012 Order.

III.

Rader raises a host of meritless arguments on appeal. First, Rader argues that the District Court erred when it granted ShareBuilder's motion for summary judgment against various claims in Rader's first complaint. We review *de novo*, applying the same standard as the District Court. *Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 413 (3d Cir. 2011). For substantially the same reasons offered by the Magistrate Judge in his April 7, 2009 R & R, we will affirm the District Court's entry of summary judgment against Rader's claims. We agree with the

7

District Court that Rader entered into an electronic contract with ShareBuilder when he electronically signed the Agreement. By virtue of this contract, Rader was obligated to correctly enter his savings account number. He failed to do so, and is liable for his mistake and the damage resulting therefrom. Despite Rader's protests to the contrary, he has not raised a genuine issue of material fact as to whether he electronically signed the Agreement.

Second, Rader argues that the District Court erred by granting ShareBuilder's motions to dismiss other claims in his various complaints. We review *de novo*. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). We agree with the District Court that Rader's claims for libel, slander, and breach of privacy fail because of Delaware's absolute litigation privilege. *See Barker v. Huang*, 610 A.2d 1341, 1345 (Del. 1992). Additionally, we agree that ShareBuilder did not violate 12 U.S.C. § 3401, *et seq.*, because it is a private party, not a "Government authority." *See* 12 U.S.C. § 3401(3) (defining "Government authority"). We also agree with the District Court that Rader has not stated a cognizable claim for attempted blackmail or extortion. The District Court correctly concluded that these causes of action are criminal, rather than civil, and that even if they could serve as the basis for a civil claim, Defendants' settlement offer was insufficient to state a claim under either legal theory. We thus agree with

the District Court's decision to grant ShareBuilder's motions to dismiss.[5]

Third, Rader argues that the District Court erred by setting aside the default of Defendant ING Groep, N.V. We review for an abuse of discretion. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008). We see no abuse of discretion here, where the District Court concluded that default was entered erroneously based on a misrepresentation made by Rader.

Fourth, Rader argues that the District Court erred by dismissing his motion to disqualify the District Judge under 28 U.S.C. § 455, because he held an online savings account with an institution that is a party to Rader's lawsuits. We review for an abuse of discretion. *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000). We see no abuse of discretion here—Rader has not shown that the District Judge had a "financial interest" in his bank, as that phrase is defined in § 455(d)(4).[6]

Finally, Rader argues that the District Court erred by granting ShareBuilder's motion for summary judgment in favor of its counterclaim. We see

---

[5] Rader raises additional arguments concerning additional claims in his various complaints. We have considered all of these arguments, and find them meritless.

[6] Rader also cites as a basis for recusal the District Judge's supposed *ex parte* conversation with defense counsel. The District Court explained, however, that no *ex parte* conversation took place. Rader's "evidence" of an *ex parte* conversation—a vague, shorthand phrase in a billing entry—is insufficient to show that the District Court abused its discretion in failing to recuse on this basis. Rader

no error. We agree with the District Court that the Agreement is governed by Washington law, and that it assigns liability to the investor for inaccurate information provided by the investor. In this case, Rader entered an inaccurate savings account number. The Agreement therefore requires Rader to indemnify "ShareBuilder, its affiliates and their partners, directors, officers and employees and any person controlled by or controlling ShareBuilder [for] . . . all expenses (including legal expenses and reasonable attorney's fees), Losses or damages that result from . . . [his] failure to provide accurate information on [his] ShareBuilder Account Application[.]" App'x 171a. We see no error in the District Court's calculation of the $378,260.55 judgment in ShareBuilder's favor. We will therefore affirm the District Court's decision to enter summary judgment against Rader on ShareBuilder's counterclaim, in the amount of $378,260.55.[7]

For the foregoing reasons, we will affirm the judgment of the District Court.

---

also seeks to disqualify ShareBuilder's counsel on the basis of the same supposed *ex parte* conversation. We reject that argument for the same reason.

[7] ShareBuilder has filed a cross-appeal arguing that if we reverse the District Court's entry of summary judgment in favor of its counterclaim, we should also reverse the District Court's denial of ShareBuilder's motion for sanctions under Federal Rule of Civil Procedure 11. ShareBuilder concedes, however, that "[i]f the District Court's award of contractual fees and costs is sustained, then the cross-appeal will be moot and it need not be considered." ShareBuilder Br. at 28. Because we will affirm the District Court's award of fees and costs, this argument is moot.